**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| JUSTIN EDMISTON, | Case No. 3:20-CV-00559-RCJ-CLB |
| --- | --- |
| Plaintiff, | **ORDER GRANTING MOTION TO AMEND** |
| v. | [ECF No. 22] |
| WILLIAM GITTERE, *et al.*, | |
| Defendants. | |

Before the Court is Plaintiff Justin Edmiston's ("Edmiston") motion to amend his pleading. (ECF No. 22.) Defendant Jacob Parr ("Parr") responded, (ECF No. 24), and Edmiston replied. (ECF No. 26.) For the reasons stated below, the Court grants Edmiston's motion to amend his pleading.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Edmiston is an inmate in the custody of the Nevada Department of Corrections ("NDOC"). On September 28, 2020, he filed a civil rights complaint under 42 U.S.C. § 1983 for events that occurred while Edmiston was incarcerated at the Ely State Prison ("ESP"). (ECF No. 1-1.) On September 7, 2021, the District Court screened the complaint pursuant to 28 U.S.C. § 1915A. (ECF No. 4.) The screening order allowed Edmiston to proceed on a single Eighth Amendment claim alleging sexual assault or abuse against Defendant Parr based on allegations Parr swiped his hand under Edmiston's clothing and over his buttocks. (*Id.* at 7.) The District Court dismissed Edmiston's First Amendment Retaliation claim and granted Edmiston leave to amend his complaint to cure the deficiencies of this claim within 30 days. (*Id.*) Edmiston did not file an amended complaint in that time frame.

Rather, on April 14, 2022, Edmiston filed the instant motion to amend his pleading. (ECF No. 22.) With the proposed amendment, Edminston seeks to supplement the factual basis for his Eighth Amendment claim by adding factual allegations that Parr: (1) deprived

him of meals and food necessary to maintain normal health; and (2) engaged in verbal sexual harassment. (ECF No. 22-1.) In addition, Edmiston seeks to add a Nevada state law claim alleging negligent infliction of emotional distress ("NIED") based on the factual allegations contained alleged in proposed amended complaint. (*Id.*)

Parr opposed the motion arguing it should be denied because: (1) Edmiston is attempting to renew claims that the Court dismissed in the screening order and thus the requested amendment is made in "bad faith"; and (2) the request to add the NIED claim is futile. (ECF No. 24.) In reply, Edmiston states he is seeking to supplement his original pleading, which is permitted by the rules. (ECF No. 26.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) instructs that "[t]he court should freely give leave [to amend a pleading] when justice so requires," and there is a strong public policy in favor of permitting amendment. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). The Ninth Circuit has made clear that Rule 15(a) is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (*per curiam*). Under Rule 15(a), courts consider various factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) the futility of the amendment; and (5) whether the plaintiff has previously amended his complaint. *See id.* at 1052. The factors do not weigh equally; as the Ninth Circuit has explained, prejudice receives greatest weight. *See id.* Defendants bear the burden of establishing prejudice, and absent its presence or a "strong showing" under the other factors, there is a presumption in favor of permitting amendment. *Id.* (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186-87 (9th Cir. 1987)).

When considering prejudice, the court may weigh against the movant the amended pleading's great alteration of the litigation's nature and its effect of requiring an entirely new course of defense. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Alone, such alteration is not fatal. *Id.* In contrast, futility "alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 809 (9th Cir.

2003). Futility arises when the amendment is legally insufficient, *Miller v. Rykoff-Sexon, Inc.*, 845 F.3d 209, 214 (9th Cir. 1988), or "where the amended complaint would . . . be subject to dismissal[,]" *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998).

## III.  DISCUSSION

Having reviewed Edmiston's proposed pleading, the Court finds that the motion to amend, (ECF No. 22), should be granted, in its entirety, as it is not made in bad faith, would not cause undue delay to the litigation, and is not prejudicial to defendants. *See Eminence Capital, LLC*, 316 F.3d at 1052. As to the Eighth Amendment claim, the Court disagrees that Edmiston is attempting to re-allege claims that were previously dismissed. Rather, the proposed complaint simply re-alleges an Eighth Amendment claim as previously stated in the original complaint, with some factual supplementation and additions. It does not seek to add new defendants or revive the previously dismissed First Amendment retaliation claim itself. Therefore, the Court rejects Parr's assertion that the proposed amendment is made in bad faith or that the amendment would be prejudicial.

As to the NIED claim, the Court is required to apply extreme liberality when considering whether to grant leave to amend a complaint pursuant to Rule 15(a). *Eminence Capital*, 316 F.3d at 1051. "Under Nevada law, an NIED claim by a direct victim has the same elements as an intentional infliction of emotional distress ("IIED") claim, except that the plaintiff need only show that the acts causing distress were committed negligently." *Armstrong v. Reynolds*, 22 F.4th 1058, 1082 (9th Cir. 2022) (citing *Abrams v. Sanson*, 136 Nev. 83, 92, 458 P.3d 1062 (2020)). In Nevada, the elements of IIED are: "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress and (3) actual or proximate causation." *Id.* By contrast, for NIED claim, a plaintiff must allege, "either a physical impact must have occurred or ... proof of serious emotional distress causing physical injury or illness must be presented." *Id.* (citing *Barmettler v. Reno Air, Inc.*, 114 Nev. 441, 448, 956 P.2d 1382 (1998)).

///

Although the proposed complaint is not entirely clear on the NIED claim, the Court must consider the proposed amendment in its entirety -- considering the alleged factual contentions as stated in the document, including the alleged emotional distress Edmiston claims he suffered – as true. According to the proposed pleading, Parr engaged in a variety of improper actions directed toward Edmiston – depriving him of meals, engaging in verbal harassment of a sexual nature, and allegedly sexually abusing him. Based on this conduct, Edmiston alleges he suffered emotional distress in the form of "severe migraine headaches . . . uncontrollable anger outburst … and subconscious demented dreams," which was "directly and proximately caused by Parr's conduct." (ECF No. 22-1 at 4.) Based on the Court's review of the proposed amendment, and applying the extreme liberal construction that is required, the Court finds that the proposed amendment sufficiently alleges facts necessary to support the elements of the NIED claim. Therefore, the Court finds that allowing the amendment to add this claim would not be futile.

### IV.   CONCLUSION

Based upon the foregoing, **IT IS ORDERED** that Edmiston's motion to amend the pleading, (ECF No. 22), is **GRANTED**;

**IT IS FURTHER ORDERED** that the Clerk file the First Amended Complaint (ECF No. 22-1); and

**IT IS FURTHER ORDERED** that Defendant Parr shall file and serve an answer or other response to the amended complaint within sixty (60) days from the date of this order.

**DATED**: July 1, 2022        .

_____
**UNITED STATES MAGISTRATE JUDGE**